IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Holly Bartlett Johnson, | ) | C/A No. 3:16-1987-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richland County School District Two; | ) | |
| Benjamin "Ben" Fields; Sheriff of Richland | ) | |
| County, *in his official capacity*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Holly Bartlett Johnson filed this action stemming from her arrest in March 2015 for contributing to the delinquency of a minor. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on a motion to dismiss filed by Defendant Richland County School District Two ("School District") (ECF No. 6), to which Johnson responded in opposition (ECF No. 13) and the School District replied (ECF No. 17). Johnson raises several claims in her Complaint; however, the motion addresses the sole claim raised against Defendant School District, which is Johnson's Fourth Cause of Action alleging negligent hiring, training, and supervision of Fields and Farr against all defendants. Having carefully considered the parties' submissions and the applicable law, the court concludes that the School District's motion should be granted.

**BACKGROUND**

The crux of Johnson's Complaint that is pertinent to resolution of this motion is that Johnson was arrested for contributing to the delinquency of a minor after she allowed her son's girlfriend, Jamie Wilder, to live in Johnson's home after Jamie indicated that she was having problems with

her mother, Suzanne Wilder, at Jamie's home. Johnson alleges that prior to her arrest, Defendant Benjamin Fields, a Richland County Sheriff's Department Deputy who was serving as a school resource officer at Spring Valley High School (a school within Richland County School District Two), improperly harassed Jamie and, ultimately, improperly interrogated Jamie in the presence of Tony Farr, the Vice Principal of Spring Valley High School. Johnson alleges that during the interrogation, a coerced statement was elicited from Jamie which was used to obtain a warrant for Johnson's arrest. Specifically, Johnson alleges that Jamie was asked a series of "yes" or "no" questions and Jamie was not permitted to explain her answers. Johnson alleges that as a result of the arrest, she spent one night in jail before being released on a personal recognizance bond. On September 10, 2015, the charges against Johnson were "no billed" by a Richland County grand jury.

## DISCUSSION

A.     Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached



3:16-cv-01987-CMC-PJG     Date Filed 10/18/16     Entry Number 23     Page 3 of 6

to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.     Defendant School District's Motion**

The School District argues that Johnson has failed to plead facts sufficient to support a claim against the School District for negligent hiring, training, or supervision of Farr.[1]  Upon review of the Complaint and the applicable law, the court agrees.

With regard to negligent hiring, the South Carolina Court of Appeals has observed as follows:

> Our review of negligent hiring and retention cases from other jurisdictions leads us to conclude that such cases generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.  These elements, from a factual perspective, are not necessarily mutually exclusive, as a fact bearing on one element may also impact resolution of the other element.  From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused.  Such factual considerations—especially questions related to proximate cause inherent in the concept of foreseeability—will ordinarily be determined by the factfinder, and not as a matter of law.  Nevertheless, the court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard.

Doe v. ACT, Inc., 624 S.E.2d 447, 450 (S.C. Ct. App. 2005) (internal citations omitted).  Quoting the Restatement section 317 comment c, the state Court of Appeals further found that the standard "is whether the employer knew the offending employee was 'in the habit of misconducting [himself]

---

[1] Although the School District's motion appears to address the claim against it as negligent hiring, training, and supervision of Defendant Fields as well as Farr, Johnson's response only addresses this claim as to Farr.  Moreover, according to the Complaint, Fields was an employee of the Richland County Sheriff's Department. (Compl. ¶ 29, ECF No. 1-2 at 6.)  Therefore, it appears that sole claim Johnson asserts against the School District is limited to the alleged negligent hiring, training, and supervision of *Farr*.



in a manner dangerous to others.' " Id. at 450-51. Similarly, an employer may be liable for negligent supervision if its employee intentionally harms another when the employee is upon the employer's premises and the employer "(i) knows or has reason to know that he has the ability to control his [employee], and (ii) knows or should know of the necessity and opportunity for exercising such control." Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992) (alteration in original) (quoting Restatement (Second) of Torts § 317 (1965)).

Even assuming without deciding that the allegations in Johnson's Complaint and the attachments thereto are sufficient to plausibly allege that Assistant Principal Farr engaged in misconduct, as argued by the School District, Johnson has failed to allege any facts suggesting that the School District as Farr's employer knew or should have known that Farr was in the habit of conducting himself in a manner that was dangerous to others, or that it needed to exercise control over him in the scenario alleged in the Complaint. There is no allegation that the School District knew or should have known of any prior misconduct of Farr, or even any allegation of any prior conduct of Farr alleged to be unacceptable. Thus, Johnson has failed to state a plausible claim against the School District for negligent hiring or supervision of its employee.[2]

Finally, with regard to Johnson's claim for negligent training, Johnson alleges that the School District failed "to train . . . Farr in the general standards of care concerning the interrogation of Spring Valley students and having a student sign a statement that will be used as evidence in criminal proceedings." (Compl. ¶ 162.a., ECF No. 1-2 at 18.) However, Johnson has failed to allege facts indicating that this alleged failure falls below any required standard for a school district.

---

[2] Additionally, as pointed out by the School District, Johnson's case is distinguishable from the cases she attempts to rely upon in opposing the School District's motion as she is not the student (or parent or guardian of the student) that was allegedly harassed or interrogated and, in fact, is not a student at all. Johnson is the parent of another student within the school district.



In Johnson's response in opposition, she argues that the School District's "failure to train Farr in the general standards of care concerning criminal investigations was a direct and proximate cause of Plaintiff's damages." (ECF No. 13 at 1.) As argued by the School District, Johnson has failed to allege any facts or identify any authority to support the theory that a school district has a duty to train a vice principal in criminal investigations or that the absence of such training falls below any required standard of care. Thus, Johnson has failed to state a claim against the School District for negligent failure to train its employee.

## RECOMMENDATION

For all of these reasons, the School District's motion to dismiss (ECF No. 6) should be granted.[3]

$\qquad$
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 18, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] If this recommendation is adopted, there would be no remaining claims against the School District.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).